**Libertad BETANCES, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**Docket No. 05–3602–cv.**

United States Court of Appeals, Second Circuit.

Nov. 14, 2006.

Libertad Betances, Bronx, N.Y., plaintiff–Appellant pro se.

Susan D. Baird, Assistant United States Attorney, (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief; Sara L. Shudofsky, Assistant United States Attorney, of counsel), New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. WALKER, Hon. CHESTER J. STRAUB, and Circuit Judges.

**SUMMARY ORDER**

Appellant Libertad Betances, *pro se,* appeals the judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge* ) entered on April 28, 2005, granting the motion for judgment on the pleadings by the defendant-appellee, Commissioner of the Social Security Administration (the "Commissioner"), and affirming the Commissioner's decision that Betances was not disabled and was able to return to her former employment. We assume the parties' familiarity with the facts and the issues on appeal.

When reviewing determinations made by the Social Security Commissioner, this Court conducts a plenary review of the administrative record. *See Schaal v. Appfel,* 134 F.3d 496, 501 (2d Cir.1998). This Court's review of the Commissioner's deci-

sion is limited to determining whether the decision was supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Bubnis v. Apfel*, 150 F.3d 177, 181 (2d Cir.1998). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir.2000) (internal quotation marks omitted).

"Disability" is defined by the Social Security Act ("Act"), in relevant part, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual can be found disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that she suffers from a disability and that her impairment prevents her from returning to her prior employment. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir.1998). Moreover, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." 42 U.S.C. § 423(d)(5)(A).

The Social Security regulations set forth a five-step sequential evaluation for adjudicating claims for disability insurance and SSI benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. The analysis proceeds as follows:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

*Rivera v. Schweiker*, 717 F.2d 719, 722 (2d Cir.1983). The claimant bears the burden of proving the first four elements and the Commissioner bears the burden on the fifth element. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999).

The Commissioner's denial of Betances's claim was supported by substantial evidence. Betances was employed as a daycare provider, which is classified as "light" work. The medical evidence presented demonstrated that Betances had the capacity to perform a job with that classification. Although Betances states in her brief, as she testified below, that she cannot lift any objects, this claim is contradicted by the medical evidence documented in the administrative record. The evidence presented at the hearing demonstrates

that, at a minimum, Betances is able to lift 20 pounds occasionally, to lift 10 pounds frequently, and can stand and walk for up to six hours. These abilities allow her to perform occupations requiring "light" work.

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED**.